ARCE, DEMANDANTE Y APELADO, *v.* BIANCHI GREEN & Co., DEMANDADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en un recurso sobre cobro de dinero.

No. 1381.—Resuelto en julio 17, 1916.

SOCIEDADES EN LIQUIDACIÓN — LIQUIDADORES — ACCIÓN CONTRA LA SOCIEDAD.—Cuando no consta de los autos que la demandada, una sociedad, levantara en la corte inferior la cuestion acerca de si, estando en liquidación, solamente el liquidador debía ser demandado, sino que por el contrario todas las circunstancias demuestran que el juicio se celebró en la creencia por la corte y las partes de que era una acción contra la sociedad en liquidación, en cuyo sentido fué dictada la sentencia, ésta no será modificada por ese fundamento.

ID.—ESCRITURA DE DISOLUCIÓN—TERCEROS.—La escritura de disolución de una sociedad aunque no inscrita en el registro es prueba contra todo el mundo del hecho de la disolución y de su fecha, pero ese hecho no puede afectar a terceros que habían negociado con dicha sociedad con posterioridad a la disolución y que no tenían conocimiento de ello.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. Guillermo H. Moscoso* y *José de Diego.*

Abogado del apelado: *Sr. Pascasio Fajardo Martínez.*

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En enero 19, 1912, la sociedad industrial mercantil de J. Bianchi Green & Co. quedó debidamente constituída mediante escritura pública que contenía las siguientes cláusulas:

"*Cuarta:* Son y serán gestores de la ameritada sociedad Don Juan Bianchi y Green y Don Alejandro Pruna y López, quienes tendrán juntos o separadamente la representación, dirección y administración de la compañía, con plenas facultades para todo linaje de actos y contratos sobre bienes inmuebles y muebles por compra, venta, permuta, arrendamiento, préstamo, depósito, hipoteca, censos, servidumbres, anticresis, prenda, transacción y compromiso, y cualquier otro contrato nominado o innominado en derecho, formalizándolos, extinguiéndolos y cancelándolos mediante documentos públicos o privados de cualquier especie, pudiendo comparecer en juicio y fuera de él, ante los tribunales de justicia centros y funcionarios gubernativos y administrativos, cónsules, agentes diplomáticos, notarios y corredores de comercio; teniendo en fin, a todos los efectos jurídicos la representación legal y completa de la sociedad.

"Como atribución especial y sin merma de las generales mencionadas, podrán los gestores conjunta o separadamente verificar el ingreso de la sociedad como miembro de otras compañías de igual o distinta naturaleza o en participación con ellas, de acuerdo con los preceptos de las leyes vigentes en la materia.

"En resumen, los gerentes de la sociedad J. Bianchi Green & Cía. en común o por separado, tendrán el uso de la firma social y ostentarán la personalidad de la compañía.

"*Décima segunda:* Queda prohibido a ambos socios el otorgamiento de fianzas o garantías en favor de terceras personas y no podrán tampoco verificar negocios algunos por cuenta propia con dinero de la sociedad."

Por virtud de otro documento notarial de fecha diciembre 28, 1912, fué disuelta la sociedad y quedó nombrado como único liquidador de la compañía uno de los socios gestores,

el Sr. Pruna y López, con plenas facultades para toda clase de actos y contratos.

Ninguna de dichas escrituras fueron inscritas hasta el día 27 de mayo de 1913, en cuya fecha se hicieron ambas inscripciones.

Se dictó sentencia contra dicha sociedad en liquidación en una acción sobre cobro de dinero basada en un pagaré que aparece redactado en los siguientes términos:

"Por $1,600 oro americano. Para el día 15 de febrero de 1914. Pagaré a Don Martín Arce o a la orden en esta ciudad el día 15 de febrero de 1914, la suma de mil seiscientos dollars moneda corriente, valor recibido de dicho señor y obligo a pagar al acreedor el interés de ____ mensual ____ desde—hasta el total pago de la obligación. En caso de reclamación judicial obligo a pagar la suma de doscientos dólares para gastos y costas y además los honorarios de abogados, sujetándome a la jurisdicción exclusiva de la corte de Mayagüez—a 17 de mayo de 1913. Firmado: J. Bianchi, Jr. Nos constituimos fiadores y principales pagadores mancomún y solidariamente con la misma obligación que el deudor director, pudiendo el acreedor conceder al deudor cuantas prórrogas estime conveniente, sin que por esto se desvirtúe la presente garantía que quedará subsistente hasta la completa extinción de la deuda. Mayagüez a 17 de mayo del 1913. Firmado: J. Bianchi Green y Cía."

El primer señalamiento de error que se alega, es que la corte inferior no tuvo en cuenta que la sociedad está muerta; que no existe, y que una demanda contra ella es una demanda contra un muerto. Se admite la existencia de cierta personalidad póstuma del liquidador, pero el apelante insiste en que solamente el liquidador es quien puede ser demandado. No se hace citas de autoridades y no consta que semejante cuestión hubiera sido claramente promovida y resuelta en la corte inferior. Es verdad que la acción fué entablada contra "la sociedad mercantil J. Bianchi Green & Cía." y que en la contestación formulada por "la sociedad J. Bianchi Green & Cía. por medio de su liquidador y abogados," se expresan los hechos arriba descritos respecto a la disolución y liquidación pendiente, pero la acción

parece haber seguido su trámite con el consentimiento tácito
y conocimiento de todos los interesados de que era una acción
seguida contra la firma en liquidación. El demandante y
apelado insiste en su alegato, en que la cuestión que fué some-
tida a la consideración del juez de distrito era la de si la
mercantil demandada quedaba o no obligada por la firma
del nombre de la razón social puesta por J. Bianchi, Jr.
La sentencia no es contra la primitiva sociedad sino contra
la sociedad en liquidación, y las conclusiones de hecho y de
derecho, si algunas fueron presentadas por el juez senten-
ciador, no han sido incluídas en los autos por el apelante.
De modo pues que no consta que el apelante insistiera en
tal teoría en la corte inferior, o que se hubiera llamado la
atención de la corte sentenciadora en alguna ocasión de modo
directo a la cuestión que de tal manera se trató de levan-
tar en la apelación. Por el contrario, como ya ha sido suge-
rido, todas las circunstancias indican que se celebró un jui-
cio, en la suposición en que estuvieron conforme todos los
interesados de'que era una acción contra la sociedad en liqui-
dicación. No nos sentimos dispuestos, por tanto, a modificar
la sentencia por este fundamento.

El segundo señalamiento es que la corte de distrito come-
tió error en no interpretar debidamente y aplicar varios
artículos del Código de Comercio y del Código Civil. En
obsequio a la brevedad es conveniente que citemos de una
vez las prescripciones de estos códigos que han sido discu-
tidas por las partes en sus respectivos alegatos. El deman-
dante y apelado hace las siguientes citas:

(CÓDIGO DE COMERCIO.)

"Artículo 24.—Las escrituras de sociedad no registradas surtirán
efecto entre los socios que las otorguen, pero no perjudicarán a tercera
persona, quien, sin embargo, podrá utilizarlas en lo favorable.

"Artículo 25.—Se inscribirán también en el registro todos los
acuerdos o actos que produzcan aumento o disminución del capital de
las compañías mercantiles, cualquiera que sea su denominación, y los
que modifiquen o alteren las condiciones de los documentos inscritos.

La omisión de este requisito producirá los efectos expresados en el artículo anterior.

"Artículo 26.—Los documentos inscritos sólo producirán efecto legal en perjuicio de tercero desde la fecha de su inscripción sin que puedan invalidarlos otros, anteriores o posteriores, no registrados.

"Artículo 219.—La rescisión parcial de la compañía producirá la ineficacia del contrato con respecto al socio culpable, que se considerará excluído de ella, exigiéndole la parte de pérdida que pueda corresponderle, si la hubiere, y quedando autorizada la sociedad a retener, sin darle participación en las ganancias ni indemnización alguna, los fondos que tuviera en la masa social, hasta que estén terminadas y liquidadas todas las operaciones pendientes al tiempo de la rescisión.

"Artículo 220.—Mientras en el registro mercantil no se haga el asiento de la rescisión parcial del contrato de sociedad, subsistirá la responsabilidad del socio excluído, así como la de la compañía, por todos los actos y obligaciones que se practiquen, en nombre y por cuenta de ésta, con terceras personas.

(REGISTRO MERCANTIL.)

"Artículo 38.—Además de la inscripción de las escrituras a que se refiere el artículo 36 de este reglamento es obligatorio para las sociedades inscribir:

❋　　　❋　　　❋　　　❋　　　❋　　　❋　　　❋

"6. Su rescisión parcial y disolución total, excepto cuando ésta tenga lugar por la terminación del plazo por el cual se constituyó, siendo en este caso voluntaria la inscripción."

El demandado y apelante cita:

(CÓDIGO DE COMERCIO.)

"Artículo 118.—Serán igualmente válidos y eficaces los contratos entre las compañías mercantiles y cualesquiera personas capaces de obligarse, siempre que fueren lícitos y honestos, y aparecieren cumplidos los requisitos que expresa el artículo siguiente.

"Artículo 119.—Toda compañía de comercio antes de dar principio a sus operaciones, deberá hacer constar su constitución, pactos y condiciones, en escritura pública que se presentará para su inscripción en el registro mercantil, conforme a lo dispuesto en el artículo 17.

"A las mismas formalidades quedarán sujetas con arreglo a lo dispuesto en el artículo 25, las escrituras adicionales que de cualquiera manera modifiquen o alteren el contrato primitivo de la compañía.

"Los socios no podrán hacer pactos reservados sino que todos deberán constar en la escritura social.

"Artículo 120.—Los encargados de la gestión social que contravinieren a lo dispuesto en el artículo anterior, serán solidariamente responsables para con las personas extrañas a la compañía con quienes hubieren contratado en nombre de la misma.

"Artículo 121.—Las compañías mercantiles se regirán por las cláusulas y condiciones de sus contratos, y en cuanto en ellas no esté determinado y prescrito, por las disposiciones de este código."

### (CÓDIGO CIVIL.)

"Artículo 5.—Las leyes sólo se derogan por otras leyes posteriores; y no prevalecerá contra su observancia el desuso, la costumbre, o la práctica en contrario.

"Las leyes pueden ser derogadas, o entera o parcialmente por otras leyes.

"Artículo 6.—La derogación es, o expresa o tácita. Es expresa cuando se declara literalmente por una ley posterior; es tácita cuando la nueva ley contiene preceptos que son o contrarios o irreconciliables con los de la anterior ley. La derogación de una ley derogatoria no restablece la primitiva ley derogada.

"Artículo 1186.—Los documentos públicos hacen prueba, aun contra tercero, del hecho que motiva su otorgamiento y de la fecha de éste.

"También harán prueba contra los contratantes y sus causahabientes, en cuanto a las declaraciones que en ellos hubiesen hecho los primeros."

El argumento del apelante es que según los términos de los artículos 118 y 119 del Código de Comercio la obligación asumida a nombre de Bianchi, Green & Co. por J. Bianchi, Jr., es nula porque a la fecha en que se otorgó el pagaré las escrituras de constitución no habían sido inscritas; que la omisión en inscribir la escritura de disolución no puede ser alegada por el demandante y apelado, a menos que se le conceda el mismo efecto a la omisión en inscribir el documento de constitución de la compañía, puesto que ambas fueron inscritas en la misma fecha, o sea diez días después de otorgado el pagaré. Los abogados del apelante admiten, como desde luego tienen que admitir, que de acuerdo con los artículos 24 y 26 el demandante y apelado no puede ser

perjudicado ni privado de su causa de acción por la omisión en inscribir el contrato social, pero insisten en que en vista de las disposiciones del artículo 120, *supra,* el demandante y apelado debe demandar "a los encargados de la gestión social" de la firma personalmente y no a la firma; que si se confía en la escritura de constitución de la sociedad, ésta debe ser considerada en conjunto, y que la cláusula 12 de la misma prohibe a ambos socios el otorgamiento de fianzas o garantías en favor de terceras personas; y por último que los artículos 24 y 26 del Código de Comercio fueron derogados por el artículo 1186 del Código Civil interpretado en relación con los artículos 5 y 6 del propio código.

No existe incompatibilidad alguna entre el artículo 1186 del Código Civil y los artículos 24 y 26 del Código de Comercio. La escritura de disolución es prueba contra todo el mundo del hecho de que la sociedad quedó disuelta en la fecha que consta en ese documento, pero la cuestión de en qué forma y hasta qué punto habrá de afectar ese hecho a terceras personas que tienen negocios con dicha sociedad con posterioridad a dicha disolución y sin conocimiento de ello es otra cuestión enteramente. Si A vende la misma propiedad primero a B y luego a C, cada escritura es prueba contra todo el mundo del hecho de la enajenación que en ella se hizo y de su fecha, pero el efecto legal de ninguna de las mismas depende única y exclusivamente de esos hechos. Como cuestión elemental de derecho sustantivo C nada adquiere porque habiéndose desprendido ya A de su título, nada tenía que vender; sin embargo, si C sin tener conocimiento de la venta anterior inscribe su escritura antes de que B lo haga, entonces la propiedad pertenece a C.

Las demás alegaciones hechas por el apelante carecen igualmente de méritos y no es preciso que sean discutidas extensamente. J. Bianchi no prestó una fianza o garantía por conveniencia de ningún tercero, sino que simplemente se valió del nombre de la firma no solamente como garantía para su obligación personal, sino como principal pagadora.

junto con él.   Sostener que los artículos 120 y 121 del Código de Comercio en relación con el artículo 4 del Código Civil limitan el remedio del demandante a una acción contra el individuo y probablemente contra un socio insolvente que indebidamente usó el nombre de la firma, sería eliminar la firma de la razón social del pagaré y borrar del Código de Comercio los artículos 24, 25 y 26.   Véase también a *Betancourt* v. *Anguiano et al.,* (pág. 1) ; *Quintana Bros. & Co.* v. *Ramírez & Co. et al.,* 22 D. P. R. 396.

El texto de estos artículos es demasiado claro para que haya necesidad de interpretarlos, y debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.